UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
TONG FENG LU,

                              Petitioner,

                                                              **MEMORANDUM AND ORDER**

            -against-

                                                              03-CV-2558

WILLIAM PHILLIPS, Superintendent,
                              Respondent.
-----------------------------------------------------X
DEARIE, District Judge.

        After an initial review of the instant <u>pro se</u> petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, this Court directed petitioner to file an affirmation indicating why the petition

should not be dismissed as time-barred. For the reasons stated in respondent's opposition papers

and set forth below, the petition is untimely and is dismissed.


                                            **Background**

        Petitioner was convicted after a jury trial of two counts of kidnaping in the first degree

and sentenced to consecutive terms of fifteen years to life on April 28, 1997. He appealed,

arguing that the court erred in denying two defense challenges for cause to prospective jurors and

in imposing consecutive sentences. In addition, petitioner submitted a <u>pro se</u> brief in which he

argued that he did not understand his interpreter and that his trial counsel was ineffective. On

June 12, 2000, the conviction was affirmed. <u>See</u> <u>People v. Lu</u>, 710 N.Y.S.2d 544 (N.Y. App. Div.

2000). On November 21, 2000, petitioner's request for leave to appeal to the New York Court of

Appeals was denied. <u>See</u> <u>People v. Lu</u>, 721 N.Y.S.2d 615 (N.Y. 2000).

        When his direct appeal was pending, petitioner filed a <u>pro se</u> motion to vacate his

conviction pursuant to N.Y. Crim. Pro. Law § 440.10 on the grounds raised in his <u>pro se</u> brief on

appeal. On May 28, 1999, the motion was denied. Thereafter, in pro se motion papers notarized

on February 8, 2002 and filed on February 13, 2002, petitioner sought a writ of error coram nobis

on the grounds of ineffective assistance of appellate counsel. The application was denied on May

20, 2002. See People v. Lu, 742 N.Y.S.2d 863 (N.Y. App. Div. 2002). On May 7, 2002,

petitioner filed a second pro se § 440 motion raising ineffective assistance of trial counsel claims.

The motion was denied on August 12, 2002, and leave to appeal was denied on April 25, 2003.

This petition is dated May 14, 2003, and was filed on May 19, 2003. Petitioner again

challenges the trial court's denial of two challenges for cause. In addition, he raises ineffective

assistance of counsel claims he raised in his second § 440 motion and coram nobis petition. He

also recasts the sentencing claim raised by counsel on direct appeal as an Apprendi claim.


### Discussion

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April

24, 1996, created a one-year statute of limitations period for filing a writ of habeas corpus. 28

U.S.C. § 2244(d)(1). Generally, the one year period runs from the date the challenged state

conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final

upon the expiration of the 90 day period for seeking a writ of certiorari from the November 21,

2000 decision denying leave to appeal to the New York Court of Appeals. See Williams v. Artuz,

237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the statute of limitations began to run on February

19, 2001. Absent tolling, the period expired on February 19, 2002. Applying the "prison

mailbox rule," the petition in this case was not filed until May 14, 2003. See Adeline v. Stinson,

206 F.3d 249, 251 & n.1 (2d Cir. 2000) (pro se prisoner petition deemed turned over to prison officials for mailing, and therefore filed, on date that appears on petition); Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing "prison mailbox rule").

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted" against the limitations period. Petitioner's first § 440 motion to vacate, denied prior to the decision on direct appeal, did not affect the running of the limitations period. However, the statute of limitations tolled during the pendency of petitioner's application for a writ of error coram nobis dated February 8, 2002 and filed February 13, 2002.

The New York Court of Appeals has rejected the application of the "prison mailbox rule" to state filings. See Grant v. Senkowski, 721 N.Y.S.2d 597, 599 (N.Y. 2001). The Second Circuit, however, has applied the rule to state collateral attacks for purposes of determining the date that starts the tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2). See Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) (coram nobis petition "properly filed" on date delivered to prison authorities). Accordingly, the Court assumes the limitations period stopped running on February 8, 2002, with eleven days remaining.

The limitations period continued to toll during the pendency of petitioner's second § 440 motion, filed prior to the denial of the coram nobis application. It began to run again when leave to appeal the denial of the § 440 motion was denied on April 25, 2003. See Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999) (petition is "pending" until finally disposed of and further appellate review is unavailable), aff'd, 531 U.S. 4 (2000); see also Carey v. Saffold, 536 U.S. 214, 220-21 (2002) ("pending" includes time between lower state court's decision and filing of

notice of appeal). The remaining eleven days in the limitation period expired on May 6, 2003, eight days before the petition in this case was filed. Petitioner contends that he did not receive notice of the denial until May 2, 2003. However, the Second Circuit has rejected an extended definition of "pending" to include the days between the state court's filing of its disposition and notice of the disposition to the petitioner. See Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir. 2000) (citing Bennett and noting that an application ceases to be "pending" as of the filing of the state court decision denying relief from which further appellate review is unavailable). Even tolling for the period between April 25, 2003 and May 2, 2003, the limitations period expired eleven days later on May 13, 2003, one day before the petition was filed.

Courts may equitably toll the limitations period only in the "rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). To be entitled to equitable tolling, a petitioner must "show that extraordinary circumstances prevented him from filing his petition on time." Id. (citation omitted). Petitioner claims that he does not understand or speak English. However, even assuming petitioner received assistance in drafting his many pro se attacks on his conviction in English, it is clear that language has not been a barrier to his filings. Moreover, lack of proficiency in English, pro se status, and lack of expertise do not constitute "extraordinary circumstances" justifying equitable tolling. See, e.g., Smith, 208 F.3d at 18 (pro se status does not warrant equitable tolling); Martinez v. Kuhlmann, 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000) (difficulty with English and insufficient legal assistance not "extraordinary").

Petitioner has not presented any grounds for equitable tolling, nor has he made a claim or a showing of actual innocence. See Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003)

4

(error to dismiss petition including claim of actual innocence as time-barred without further analysis). Accordingly, the petition is dismissed as untimely.

## II. Merits

In any case, the petition is meritless. First, petitioner contends that he was deprived of due process and his right to an impartial jury by the trial court's denial of two of his cause challenges to jurors. Petitioner exercised peremptory challenges to exclude the two jurors and ultimately exhausted all of his peremptory challenges prior to the completion of jury selection. The Appellate Division concluded that "the trial court providently exercised its discretion" in denying the for-cause challenges. Lu, 710 N.Y.S.2d at 544.

Even if the trial court erred, petitioner's claim is not of a "federal constitutional dimension." United States v. Martinez-Salazar, 528 U.S. 304, 311 (2000). The Supreme Court has "rejected . . . the position that, without more, the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury." Id. at 313 (quoting Ross v. Oklahoma, 487 U.S. 81, 88 (1988)) (internal quotations omitted). If the jury that ultimately sits is impartial, "the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." Id. (quoting Ross, 487 U.S. at 88.) (internal quotations omitted); see also United States v. Rubin, 37 F.3d 49, 54 (1994) (must establish that convicting jury was not impartial). Petitioner has not claimed, much less established, that the jury that convicted him was not impartial. Moreover, because it appears that petitioner received the number peremptory challenges he was entitled to under New York law, no due process violation occurred. See Martinez-Salazar, 528 U.S. at 313-17 (construing Rule 24(b) of the

Federal Rules of Criminal Procedure). Accordingly, he is not entitled to relief.

Petitioner's ineffective assistance of appellate counsel claims also fail. The Appellate Division rejected these claims, raised in petitioner's application for a writ of <u>coram nobis</u>, on the merits. Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may grant habeas corpus relief on these claims only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Petitioner argues that appellate counsel was ineffective for failing to raise a <u>Brady</u> claim with respect to the belated disclosure of tapes of two telephone calls and for failing to raise a claim that the photo array from which petitioner was identified was unduly suggestive. Under <u>Jones v. Barnes</u>, 463 U.S. 745 (1993), relied upon by the Appellate Division, the Constitution does not require counsel to raise every colorable claim suggested by a defendant. Indeed, as the <u>Jones</u> Court observed, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue or at most on a few key issues." <u>Id.</u> at 751-52. Moreover, a review of the record, including an affirmation from petitioner's appellate attorney, makes clear that the issues petitioner faults appellate counsel for failing to raise were either defaulted by trial counsel or meritless. To demonstrate constitutionally ineffective assistance, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), requires that petitioner show (1) that counsel's performance "fell below an objective standard of reasonableness," <u>id.</u> at 688, and (2) that petitioner was prejudiced by the deficient performance. <u>Id.</u> at 692. Appellate counsel's failure to include these defaulted and meritless

arguments "does not fall outside the wide range of professionally competent assistance to which [p]etitioner was entitled." Aparicio v Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (internal quotations omitted) (citation omitted). Furthermore, in light of the overwhelming evidence against petitioner, recounted in appellate counsel's affirmation, petitioner cannot demonstrate prejudice. See Strickland, 466 U.S. at 694 (To show prejudice, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Accordingly, the state court's denial of petitioner's ineffective assistance of appellate counsel claim was not "contrary to" or an "unreasonable application of" Strickland.

Petitioner's claims of ineffective assistance of trial counsel based on counsel's purported failure to inform him of his right to testify and failure to call witnesses to challenge hearsay testimony also do not merit relief. Petitioner raised these claims in his second unsuccessful § 440 motion. The New York State Supreme Court rejected petitioner's first claim on the grounds that the record showed that the court discussed petitioner's right to testify with trial counsel in the presence of petitioner and petitioner's court-appointed interpreter. The court rejected petitioner's second claim because it was unsupported by any affidavits attesting to the content of the three uncalled witnesses' testimony in support of his allegations. See N.Y. Crim. Proc. L. § 440.30 (4)(d) (upon considering merits, court may deny motion without hearing if "[a]n allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence"). Petitioner's contention that these witnesses could have refuted certain hearsay testimony remains unsupported and without explanation.

Petitioner is not entitled to relief on either of these claims.

Finally, petitioner challenges the imposition of consecutive sentences on the ground that the kidnapping of the two victims was accomplished by a single act. Petitioner contends that because the evidence does not indicate separate acts, the imposition of consecutive sentences violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Although petitioner previously raised a claim with respect to his consecutive sentences, the claim was based solely on state law. It appears, therefore, that the Apprendi claim is defaulted. In any case, there is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences." United States v. White, 240 F.3d 127, 135 (2d Cir. 2001); see also United States v. McClean, 287 F.3d 127, 136 (2d Cir. 2002) (because sentence for any individual count does not exceed statutory maximum, sentence does not run afoul of Apprendi). Thus, there is no basis for relief.

## Conclusion

For the reasons stated above, the application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be

taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S.Ct. 917 (1962). The Clerk of the Court is directed to close this case.


SO ORDERED.

Dated: Brooklyn, New York
      August 4, 2005


                                    RAYMOND J. DEARIE
                                    United States District Judge